UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIXTO MURILLO, | ) 1:12-cv–00832-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISMISSING THE PETITION FOR |
| | ) WRIT OF HABEAS CORPUS WITHOUT |
| | ) PREJUDICE FOR LACK OF SUBJECT |
| v. | ) MATTER JURISDICTION (DOC. 1) |
| | ) |
| JUDGE COULARD, et al., | ) ORDER DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY AND |
| Respondents. | ) DIRECTING THE CLERK TO CLOSE THE |
| | ) CASE |
| | ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on June 5, 2012 (doc. 5). Pending before the Court is the petition, which was filed on May 22, 2012.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the California State Prison at Corcoran (CSP-COR). Petitioner does not indicate what sentence he is serving, but it appears that he is serving a sentence imposed by a state court. Petitioner seeks

a modification of an unspecified sentence so that a restitution fine imposed by the trial court pursuant to Cal. Govt. Code § 13967 is stricken. Petitioner argues that the fine violates double jeopardy and the Fourteenth Amendment because Petitioner is unable to pay the fine. Petitioner also appears to be relying on state law grounds for his claim that the fine is improper.

II. <u>Absence of Subject Matter Jurisdiction</u>

Although Petitioner names an improper respondent and fails to allege exhaustion of state court remedies, the more basic problem with his petition concerns the nature of the essential claim presented. For the purposes of this analysis, it will be assumed that Petitioner is in custody pursuant to the same sentence that included the order of restitution.

Habeas relief shall be granted to a person in custody pursuant to the judgment of a state court only on the ground that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. The "in custody" requirement for a habeas petition pursuant to § 2254(a) is jurisdictional and thus is the first question a habeas court must consider. <u>Bailey v. Hill</u>, 599 F.3d 976, 978 (9th Cir. 2010). The requirement has two aspects: 1) the petitioner must be in custody at the time the petition is filed, and 2) the custody must be under the conviction or sentence under attack at the time the petition is filed. <u>Id.</u>

"Custody" includes physical imprisonment as well as other significant or severe restraints on liberty; it does not include mere collateral consequences of a conviction. <u>Id.</u> at 978-80. The imposition of a fine, by itself, is not sufficient to meet

the jurisdictional requirements of § 2254.  Id. at 979 (quoting Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998)).  Further, liability under a restitution order is not a sufficiently serious restraint on liberty to warrant habeas relief.  Bailey v. Hill, 599 F.3d at 979.

The mere fact that a petitioner is physically in custody when challenging a restitution order is insufficient to render the claim cognizable where the petitioner is not challenging the lawfulness of his custody under federal law.  Bailey v. Hill, 599 F.3d at 979-980, 984.  Mere physical custody does not provide the required nexus between the petitioner's claim and the unlawful nature of the custody.  Instead, § 2254(a) requires that the substance of the claim being asserted must challenge the legality of the custody on the ground that it is, or was imposed, in violation of the Constitution, laws, or treaties of the United States.  Id. at 980-81.

Further, the remedy for restitution claims – eliminating or altering a money judgment – has no direct impact upon, and is not directed at the source of the restraint upon, the petitioner's liberty.  Instead, it would affect only the fact or amount of the restitution that has to be paid.  Id. at 981.

Because the defect in Petitioner's petition relates to the nature of the claim and not to the absence of allegations of specific facts with respect to the claim, granting leave to amend would be futile.  The Court, therefore, concludes that because Petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254(a), the Court lacks subject matter jurisdiction over the petition.

When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action. <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 514 (2006); <u>Moore v. Maricopa County Sheriff's Office</u>, 657 F.3d 890, 894 (9th Cir. 2011). Accordingly, it will be ordered that the petition be dismissed for lack of subject matter jurisdiction.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their

5

merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Thus, the Court will decline to issue a certificate of appealability.

IV. Disposition

Accordingly, it is ORDERED that:

1) The petition is DISMISSED for lack of subject matter jurisdiction; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because this order of dismissal terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   June 6, 2012**                            /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE